IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LYLE MARK COULTAS, | Civ. No. 3:11-cv-45-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STEVEN PAYNE, individually and in his Official Capacity as Oregon State Crime Laboratory Detective; CARROLL TICHENOR, Yamhill County Judge; DEPARTMENT OF THE OREGON STATE POLICE; YAMHILL COUNTY DISTRICT ATTORNEY'S OFFICE; CURT GILBERT, individually and in his Official Capacity as Yamhill County Jail Commander; YAMHILL COUNTY JAIL; RUSSEL LUDWIG, individually and in his Official capacity as a Yamhill County Sheriff Detective; YAMHILL COUNTY SHERIFF DEPARTMENT; THE STATE OF OREGON, | |
| Defendants. | |

OPINION AND ORDER                    1                                {KPR}

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Lyle Mark Coultas ("Coultas") alleges due process claims against Defendants Steven Payne ("Payne"), Carroll Tichenor ("Tichenor"), Department of the Oregon State Police ("OSP"), Yamhill County District Attorney's Office ("the District Attorney's Office"), and the State of Oregon ("the State") (collectively "DOJ Defendants").[1] DOJ Defendants move to dismiss these claims for failure to state a claim, untimeliness, Eleventh Amendment immunity, and improper service.

*Background*

Coultas's complaint alleges the following, which the court assumes true for purposes of this motion. In the context of a custody dispute, Coultas's ex-wife framed him for crimes involving child pornography, based on events allegedly taking place on February 4, 2001. Coultas was arrested on March 21, 2001. Upon learning of the particulars of the charges against him, Coultas realized that he could produce exculpatory evidence that would clear him with respect to certain allegations. While in custody he attempted to produce this evidence to the court-appointed investigator assigned to his case, at which point the evidence was intercepted by two guards who subsequently removed the investigator from the premises and forwarded the evidence to the prosecuting attorney, Tichenor. Upon receiving this exculpatory evidence, Tichenor altered the underlying allegations to strengthen the case against Coultas, changing the dates that the alleged conduct took place. Tichenor also removed exculpatory evidence from Coultas's residence and did not produce the evidence at trial. Payne, a state criminal investigator, and Tichenor lied to the court about the available evidence and

---

[1] Coultas also named Curt Gilbert, Russel Ludwig, Yamhill County Jail, and the Yamhill County Sheriff's Department as defendants, none of which is a party to this motion.

OPINION AND ORDER          2          {KPR}

misrepresented facts to the jury with the intent to mislead the jury into believing that Coultas's computer contained illegal pornographic content. The misrepresentations continued on November 15, 2002, at which time the court ordered production of the concealed evidence, a forensic report about Coultas's computer. Defendants Payne and Tichenor represented to the court that they had reviewed the report and had identified activity on the dates in question. When Coultas was later provided the report and reviewed it, it did not evidence any activity on those dates, contrary to the in-court representations made by Payne and Tichenor. The trial court sentenced Coultas to 540 months in jail.

Approximately seven years later, at a subsequent court proceeding, Peter Constantine ("Constantine"), a forensic specialist, testified that Coultas's computer had never contained the pornography in question. The state responded with a report setting forth two theories to undermine Constantine's testimony. At this point, the State changed from its initial position – that Coultas had pornography on his computer – to a new position, that Coultas was able to erase the pornography and avoid forensic detection of said pornography on his computer. Coultas contends that these positions are irreconcilable. As a result of this evidence, Coultas was granted a new trial.

During preparation for the new trial, Coultas discovered that his confiscated property had been largely destroyed. There was testimony by Detective Russel Ludwig that Tichenor had instructed him not to take notes of witness interviews, and that the witnesses' stories had changed over time. Two doctors who testified against Coultas in the first trial admitted that, before trial, they had been provided the questions they would be asked and the answers they should give at trial. They were also instructed to destroy these instructions after trial.

Before the second trial commenced, Coultas chose to take a "no contest" plea rather than go

to trial. Coultas did so because he knew that Payne was prepared to perjure himself and present false evidence against Coultas and defense counsel advised him that he would be unable to get a fair trial.

Coultas alleges that his rights to a fair trial and to effective assistance of counsel were violated under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

*Legal Standard*

Federal Rule of Civil Procedure ("Rule") 8(a) governs pleadings and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). A defendant may bring a motion to dismiss pursuant to Rule 12(b)(6) when the plaintiff's complaint fails to state a claim upon which relief can be granted, either because it (1) lacks a cognizable legal theory; or (2) provides insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court addressed the pleading standard to appropriately state a claim under the Federal Rules of Civil Procedure. *Twombly* emphasized the need to include sufficient facts in the pleading to give proper notice of the claim and its basis: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (brackets and internal citations omitted). Even so, the court noted that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally

and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) ("[F]ederal courts [are] liberally to construe the 'inartful pleading' of pro se litigants."). In other words, courts hold pro se pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before dismissing a pro se civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623. Also, where the plaintiff is proceeding pro se and is granted leave to proceed in forma pauperis, the court shall dismiss the case at any time if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

*Discussion*

I.   Eleventh Amendment Immunity

Section 1983 applies to the actions of persons acting under color of law. *See* 42 U.S.C. § 1983 (2011) (extending its protections against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia" who deprives another of rights under the law). The Eleventh Amendment confers immunity on the state from liability under section 1983 for damages or other retroactive relief. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (citations omitted). This immunity extends to state agencies. *See Choka*

*v. McClellan*, No. CV-10-702-ST, 2010 WL 5825522, at *2 (D. Or. Dec. 28, 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." (citation omitted)). Similarly, state officials may not be sued in their official capacities for damages or other retrospective relief, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).[2] Where a state official is sued in his or her individual capacity, however, the official qualifies as a "person" for purposes of section 1983 and the state is not substituted in his or her stead. *Center for Legal Studies v. Lindley*, 64 F. Supp. 2d 970, 978 (D. Or. 1999) (citing *Hafer v. Melo*, 502 U.S. 21, 27-29 (1991)). Thus, state officials may be sued in their individual capacities under section 1983.

DOJ Defendants argue that Coultas may not state a claim under section 1983 against the state of Oregon, the OSP, and the District Attorney's Office because they are not persons under the statute and there is no respondeat superior liability under section 1983. The court agrees that the state, its agencies, and its officials working in their official capacities are immune from suit under Eleventh Amendment immunity. However, Coultas also asserts claims against the individual employees in their individual capacities. The court agrees that Coultas may assert section 1983 claims against individual defendants in their individual capacities, which for purposes of this motion includes only Tichenor and Payne.

---

[2] A state official may be sued, however, in his or her official capacity where the suit is for injunctive relief, because "'official-capacity actions for prospective relief are not treated as actions against the state.'" *Id.* at n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

OPINION AND ORDER         6         {KPR}

II.  Failure to State a Claim

DOJ Defendants argue that Coultas has presented only vague and conclusory statements that are insufficient to state a cognizable legal claim. Coultas responds that he has alleged sufficient facts to state claims for violations of his civil rights, enforceable via section 1983, in particular the right to a fair trial, to effective assistance of counsel, and a claim for fraud upon the court.

Notably, Coultas asserts that he is not alleging any claims under section 1983. However, in its effort to construe Coultas's pro se complaint liberally, the court chooses to provisionally disregard Coultas's statement as something other than he intended. In the absence of claims premised on section 1983, Coultas lacks a jurisdictional basis for bringing his claims in federal court. Section 1983 provides a civil enforcement mechanism for persons, including inmates, who suffer constitutional injuries caused by "[a]ny person acting under color of state law." 42 U.S.C. § 1983. Coultas has not asserted an independent basis upon which to enforce his federal constitutional claims against state actors. Furthermore, in the absence of jurisdiction in diversity and without a claim possesssing federal subject matter jurisdiction, any remaining state law claims lack a jurisdictional basis in federal court. For these reasons, and in light of Coultas's apparent desire to receive a federal remedy as evidenced by his choice of forum, the court disregards his statement that he is not alleging claims under section 1983.

The complaint describes in detail the events giving rise to these claims: Coultas's ex-wife made threats associated with custody of their daughter; within weeks Coultas was accused of various illegal actions; shortly thereafter he was arrested for said criminal acts and incarcerated; Coultas attempted to communicate information regarding an alibi to the court-appointed investigator but this information was intercepted by guards at the jail who then forwarded the information to Tichenor;

and Tichenor concealed that and other exculpatory information throughout Coultas's trial and sentencing. Seven years later, Coultas was granted a new trial on the basis of forensic evidence; additional evidence of prosecutorial misconduct was revealed in preparation for the second trial, but Coultas nonetheless pleaded no contest because he did not believe he could receive a fair trial.

As the above recitation demonstrates, Coultas has set forth sufficient factual allegations to state a claim or claims against DOJ Defendants, though the claims themselves may not be stated with extreme clarity. Based on the allegations before it, the court considers the viability of the claims below.

### A.   *Malicious Prosecution*

Coultas has plead facts which, if true, could give rise to a claim for malicious prosecution pursuant to section 1983.[3] The Supreme Court stated in *Albright v. Oliver*, 510 U.S. 266 (1994), that a claim for malicious prosecution was not independently actionable under section 1983. *Id.* at 270 n.4. However, a claim may lie where plaintiff proves "that the defendants acted for the purpose of depriving him of a 'specific constitutional right[.]'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). As such: "[T]o prevail [on a malicious prosecution claim, a plaintiff] must show that the defendant[] prosecuted her with malice and without probable cause, and that [she] did so for the purpose of denying her equal protection or another specific constitutional right." *Meislin v. City of Hawthorne*, 2011 U.S. App. LEXIS 10054 (9th Cir. Cal. May 17, 2011) (*Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

---

[3] Coultas did not assert a state law claim for malicious prosecution under Oregon law, instead couching each of his claims as violations of the United States Constitution. Thus, any malicious prosecution claim would necessarily arise under section 1983.

OPINION AND ORDER                   8                              {KPR}

A claim for malicious prosecution is typically lodged against a prosecuting attorney, because "the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (citing *Smiddy v. Varney*, 665 F.2d 261, 266-68 (9th Cir. 1981). However, other state or local officials may be liable for malicious prosecution where they "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id.* (citations omitted).

Relevant to the present motion, Coultas has at least pleaded facts sufficient to state a claim for malicious prosecution under section 1983 against Tichenor and Payne. He has alleged that Tichenor and Payne modified the allegations against him to conform to available evidence and concealed other evidence that would have exonerated Coultas. Even so, Coultas's claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486-87 (footnote omitted). This rule prevents a district court from entering a judgment in a civil action that would "necessarily imply the invalidity of [a] conviction or sentence." *Id.* at 487. Furthermore, the *Heck* doctrine extends beyond malicious prosecution and applies to section 1983

OPINION AND ORDER                              9                              {KPR}

claims in general to the extent the validity of the conviction or sentence would be undermined by a successful civil challenge. *See Lockett v. Ericson*, 2011 U.S. App. LEXIS 18104, at *8-9 (9th Cir. Aug. 25, 2011) (distinguishing claims in which the section 1983 challenge implicates harms that are actionable, but upon which the legality of the conviction or sentence does not depend).

Here, Coultas was granted a new trial on the basis of forensic computer evidence. However, rather than proceed with the second trial, Coultas elected to enter a "no contest" plea. He explains that he did not believe he could receive a fair trial in light of the willingness of certain defendants to continue to perjure themselves and make false representations to the court. Regardless of Coultas's reasoning in entering a "no contest" plea, the fact that Coultas remains convicted for the crimes for which he was prosecuted prevents him from asserting claims that would necessarily invalidate his conviction. *See Jackson v. Barnes*, Case No. CV 04-08017 RSWL (RZ), 2009 U.S. Dist. LEXIS 125976 (C.D. Cal. Mar. 25, 2009) (the court applied *Heck* where the civil rights plaintiff had been convicted initially, had the conviction reversed, and was re-convicted on most, but not all, of the original charges, stating that although the second conviction was "slightly less weighty," the plaintiff had failed to establish favorable termination).

Here, Coultas challenges the veracity of the underlying charges, the evidence presented at trial, and the statements at trial of the prosecuting attorney and a state investigator. If the court were to find in Coultas's favor – that his prosecution was malicious and led to an illegitimate judgment against him – it would necessarily imply the invalidity of his conviction and run afoul of *Heck*. Accordingly, Coultas's malicious prosecution claim under section 1983 is denied.

B.   *Sixth Amendment*

Coultas has alleged facts which may give rise to a section 1983 claim for violation of his

Sixth Amendment right to assistance of counsel. Under the Sixth Amendment to the United States Constitution, an accused in a criminal prosecution is entitled to a speedy trial, an impartial jury, knowledge of the accusations against him, the ability to call and confront witnesses, and to assistance of counsel in his defense. U.S. CONST. AMEND. VI. "These fundamental rights are extended to a defendant in a state criminal prosecution through the Fourteenth Amendment." *Herring v. New York*, 422 U.S. 853, 857 (1975). "More specifically, the right to the assistance of counsel has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the adversary factfinding process that has been constitutionalized in the Sixth and Fourteenth Amendments." *Id.* Here, Coultas alleged that he was prevented from communicating exculpatory evidence to his counsel by a state actor.

That said, the court need not decide whether Coultas alleged specific facts setting forth a scenario in which the defense was denied "the opportunity to participate fully and fairly in the adversary factfinding process." *Id.* at 858. Even if Coultas could state this claim based on the factual allegations alleged, he could again not overcome the *Heck* bar to section 1983 because success on this claim would necessarily undermine the validity of his conviction, which conviction has not been reversed or otherwise invalidated.

C.   *Fraud on the Court*

Coultas has also alleged a claim for fraud on the court.[4] The Supreme Court has characterized a fraud on the court as "a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot be complacently tolerated consistently with the good

---

[4] Although Coultas does not specifically allege fraud on the court, he Coultas mentions it in his briefing. In light of the liberal construal of pro se pleadings, the court will address the claim as if properly pleaded.

order of society." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). The Ninth Circuit interprets this somewhat more broadly than other circuits, such that "fraud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer of the court." *In re Intermagnetics America, Inc.*, 926 F.2d 912, 916 (9th Cir. 1991). The court should base its analysis "not so much in terms of whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged fraud harms the integrity of the judicial process[.]" *Id.* at 917 (citing *Hazel-Atlas Glass*, 322 U.S. at 246). Significantly, "[t]here is no statute of limitations for fraud on the court." *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 640 (N.D. Cal. 1978) (citing C. Wright & A. Miller, Federal Practice and Procedure § 2870 at 250 (1973)).

However, even if Coultas could state this claim based on the factual allegations alleged, he could again not overcome the *Heck* bar to section 1983 because success on this claim would necessarily undermine the validity of his conviction, which conviction has not been reversed or otherwise invalidated. *See Hiser v. Hickel*, No. 95-35405, 1996 U.S. App. LEXIS 27742, at *6 (9th Cir. Oct. 23, 1996) (affirming dismissal of the plaintiff's due process claim alleging fraud on the court as barred by *Heck*). Accordingly, Coultas's claim of fraud on the court is dismissed as barred by *Heck*.

D.    *Fourteenth Amendment*

In his complaint, Coultas invokes the Due Process Clause of the Fourteenth Amendment, but does not specify in what manner his rights under that constitutional provision were violated. The Fourteenth Amendment supports three kinds of claims enforceable under section 1983:  (1) violations of other constitutional rights as defined by the Bill of Rights; (2) violations of substantive due process; and (3) violations of procedural due process. *Zinermon v. Burch*, 494 U.S. 113, 124

(1990). However, as with all other of Coultas's claims under section 1983, any claim under the Fourteenth Amendment is barred by *Heck* and the court need not attempt to discern the contours of any specific claim Coultas might have otherwise stated.

III. <u>Other Arguments</u>

Defendants additionally argued that Coultas's claims were untimely and were improperly served. In light of the court's conclusion that Coultas's claims are barred by *Heck*, the court will not address these additional grounds for dismissal.

*Conclusion*

For the reasons stated, DOJ Defendants' Motion to Dismiss (#22) is GRANTED.

DATED this 12th day of December, 2011.

JOHN V. ACOSTA
United States Magistrate Judge