IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LYLE MARK COULTAS, | Civ. No. 3:11-cv-45-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STEVEN PAYNE, individually and in his Official Capacity as Oregon State Crime Laboratory Detective; CARROLL TICHENOR, Yamhill County Judge; DEPARTMENT OF THE OREGON STATE POLICE; YAMHILL COUNTY DISTRICT ATTORNEY'S OFFICE; CURT GILBERT, individually and in his Official Capacity as Yamhill County Jail Commander; YAMHILL COUNTY JAIL; RUSSEL LUDWIG, individually and in his Official capacity as a Yamhill County Sheriff Detective; YAMHILL COUNTY SHERIFF DEPARTMENT; THE STATE OF OREGON, | |
| Defendants. | |

_____

ACOSTA, Magistrate Judge:

OPINION AND ORDER         1                                    {KPR}

*Introduction*

Defendant Yamhill County Sheriff's Department ("Defendant") moves for summary judgment on the remaining claim in this case, for conversion. This court previously ruled that Plaintiff Lyle Mark Coultas ("Coultas") was not barred by the statute of limitations from asserting a conversion claim against Defendant. The court relied on a three-year statute of limitations for liability arising from an act or omission by a sheriff or constable. Currently, Defendant argues that the claim is barred by the doctrine of laches and because claims under section 1983 may not be stated where there is an adequate post-deprivation remedy.

*Factual Background*

Coultas was arrested on the underlying criminal charges in 2001. He was convicted and incarcerated until 2007, at which time he was granted a new trial and his computer was re-examined. On January 30, 2008, Coultas entered a plea of no contest prior to his second trial, wherein the state stipulated to a sentence of time served. (Defendant's Exhibit 2 at 3.)[1] Coultas had already served approximately eighty-three months in jail on these and related charges. (Def.'s Ex. 2 at 2.) After his release, on February 15, 2008, Coultas moved for the return of the property seized in conjunction with his arrest on the ground that the property was "no longer needed for evidentiary purposes." (Def.'s Ex. 1 at 2 (quoting OR. REV. STAT. 133.643(4).) Coultas's attorney took possession of the computer from Defendant on January 14, 2011.

*Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

---

[1] The court takes judicial notice of the exhibits attached to the Warren Declaration as they are public records.

to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2011). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). However, deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a *genuine* issue for trial." FED. R. CIV. P. 56(e) (2008) (emphasis added). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

*Discussion*

I.    <u>Laches</u>

Defendant argues that, in spite of the court's ruling that the conversion claim against it fell within the specified statute of limitations, it should be dismissed under the doctrine of laches. "To prevail on a laches defense, a defendant must prove: (1) the claimant unreasonably delayed in filing suit; and (2) as a result of the delay, the defendant suffered prejudice." *Adidas America, Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1069 (D. Or. 2008) (citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 955 (9th Cir. 2001)). According to Defendant, Coultas's request meets this standard because he first sought the return of personal property in 2008, almost seven years after the date of his arrest. Defendant contends that Coultas could have requested his property be returned any time after his arrest and conviction, and that it was disposed of in the ordinary course of business, making its return impossible and Coultas's motion prejudicial.

Coultas argues that the property in question, and specifically the computer hard drive, was retained by Defendant at least until Coultas was granted post-conviction relief and the pendency of the second trial. Coultas further argues that, because it was later revealed that his property contained no unlawful pornography, the destruction of the evidence used against him also amounts to a cover-up of misconduct by Defendant. Coultas cites a discrepancy between a declaration submitted by Defendants in support of their motion and other factual material in the record. In his initial declaration, Steven Smith ("Smith") stated that all of Coultas's property was destroyed or auctioned off in the normal course of police business:

> The Yamhill County Sheriff's policy at the time that evidence was destroyed or put up for auction, allowed us to take final action against property seized when we received the First Amended Judgment closing this case. That First Amended

> Judgment was received in 2003 and at that time, due to the nature of the crime (Sexual Abuse in the first Degree) and because it involved a child, all videos, film and computer hard drive were destroyed. According to our records, these items were destroyed on January 31, 2003. When Yamhill County did not receive a request from Mr. Coultas for return of any property for more than five (5) years after the seizure, the property was sent for public auction since it was deemed abandoned. In this case, our records reflect that the computer monitor, speakers and scanner noted in the evidence report were put up for auction on September 20, 2006.

(Smith Declaration ¶ 2.) However, as Coultas points out, this information cannot be accurate as his computer was examined in 2007 in conjunction with his petition for post-conviction relief and his second trial, and was returned to him after his attorney moved for its return. Thus, Coultas argues, Defendant cannot maintain that his property was destroyed as described by Smith and Defendant's credibility on this issue is compromised.

In reply, Defendant admits that the computer was returned to Coultas in 2011, but maintains that "the other items were either destroyed, auctioned off or cannot be located." (Reply 2.) Defendant submits an a supplementary declaration of Smith wherein he admits that he was incorrect about the fate of Coultas's computer. Importantly, attached to this declaration is a document entitled "District Attorney's Evidence Release" which references Coultas's case and states: "the case involving the above referenced ADULT defendant(s) has been resolved. Evidence will no longer be needed after the appeal period has passed and may be disposed of in accordance with law and agency procedure." (Supp. Decl. Smith 3 at 1.) This document is dated April 9, 2008. This evidence effectively destroys Defendant's laches argument.

Coultas moved for the return of his property on February 15, 2008, prior to the release of the property by the district attorney. Whether Coultas was entitled to the return of his property upon release by the district attorney need not be decided at the present moment. It is clear, however, that

Coultas did not delay in requesting the return of his property and that Defendant was not prejudiced by such request, as it was or should have been in possession of said property until it was released in April 2008. As such, summary judgment premised on the defense of laches is denied.

II.     Section 1983

Defendant next argues that the claim for conversion should be construed as a section 1983 claim for violation of procedural due process. However, the court did not identify this claim as one arising under section 1983, but rather as a state law claim of conversion. As the Supreme Court noted in *Hudson v. Palmer*, 468 U.S. 517, 530 (1984), where a plaintiff cannot state a constitutional claim against a entity operating under color of law, he or she may still pursue relevant state law claims. In *Hudson*, the prisoner-plaintiff asserted a claim under the Fourth Amendment following a search of his cell. The court concluded that he could not premise a claim on a reasonable expectation of privacy with respect to his cell, but described the other avenues of relief the prisoner-plaintiff could pursue:

> Our holding that respondent does not have a reasonable expectation of privacy enabling him to invoke the protections of the Fourth Amendment does not mean that he is without a remedy for calculated harassment unrelated to prison needs. Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity. The Eighth Amendment always stands as a protection against "cruel and unusual punishments." By the same token, there are adequate state tort and common law remedies available to respondent to redress the alleged destruction of his property.

*Id.* at 530. Similarly, here, Coultas asserted claims under section 1983 and also for conversion. The court dismissed the section 1983 claims as barred by the two-year statute of limitations. The conversion claim survived, separate and distinct from the constitutional claims. As such, Defendant's argument that Coultas's claim for lack of procedural due process should be dismissed

due to the existence of an adequate post-deprivation remedy is unavailing and Defendant's motion for summary judgment on this basis is also denied.

*Conclusion*

For the reasons above stated, Defendant's Motion for Summary Judgment (#56) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of September, 2012.

                                    /s/ John V. Acosta
                                    JOHN V. ACOSTA
                          United States Magistrate Judge