IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LYLE MARK COULTAS, | Civ. No. 3:11-cv-45-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STEVEN PAYNE, individually and in his Official Capacity as Oregon State Crime Laboratory Detective; CARROLL TICHENOR, Yamhill County Judge; DEPARTMENT OF THE OREGON STATE POLICE; YAMHILL COUNTY DISTRICT ATTORNEY'S OFFICE; CURT GILBERT, individually and in his Official Capacity as Yamhill County Jail Commander; YAMHILL COUNTY JAIL; RUSSEL LUDWIG, individually and in his Official capacity as a Yamhill County Sheriff Detective; YAMHILL COUNTY SHERIFF DEPARTMENT; THE STATE OF OREGON, | |
| Defendants. | |

_____
ACOSTA, Magistrate Judge:

OPINION AND ORDER            1                    {KPR}

*Introduction*

Plaintiff Lyle Mark Coultas ("Coultas") has filed two motions relevant to the present case. First, Coultas moved to supplement the evidentiary record and, second, for the court to reconsider its ruling with respect to application of the *Heck* doctrine. Defendants did not respond to either motion. For the reasons stated, Coultas's motion to supplement is granted and his motion for reconsideration is denied.

*Discussion*

I.     Motion to Supplement

Coultas's Motion to Supplement Evidence In Support of Complaint (#66) seeks admission of two forensic reports. The first is a report prepared by Peter Constantine, a forensic examiner with Data Discovery Computer Forensics and comes in the form of a letter to Coultas's attorney, Frank Stoller. The report states that the unlawful images upon which Coultas's arrest and prosecution were premised were not on Coultas's hard drive, nor had they been previously deleted from the hard drive. It also refers to several diskettes, none of which contained the images in question. The second report is an excerpt of the findings of Detective Steven Payne of the Oregon State Police based on a review of Constantine's report. It states that his findings corroborate those of Constantine and refers to the diskettes seized in conjunction with Coultas's arrest.

Coultas argues that this evidence is relevant because it supports his claims for fraud on the court and illegal destruction of evidence, and that it stands for the proposition that the missing diskettes were in evidence in 2006. The court agrees that this evidence may be relevant to Coultas's remaining claim in that it speaks to the existence and possession of Coultas's personal property. Accordingly, Coultas may supplement the record with this evidence and the motion is granted.

II.     Motion to Reconsider

The court construes Coultas's "Motion for the District Court to [Hear] New Supreme Court Case Directly Contradicting Previous Ruling Of This Court And To Reverse Summary Judgment Ruling For State Defendants" (#68) as a motion to reconsider its prior ruling for an error of law. Motions for reconsideration under Rules 59(e) and 60(b) apply generally the same standard. *Automobile Ins. Co. of Hartford, Connecticut v. Abel*, No. 08-CV1004-AC, 2010 WL 5014408, at *2 (D. Or. Dec. 3, 2010) (citing *Fidelity Federal Bank, F.S.B. v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004), and *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Coultas asks the court to consider recent Supreme Court precedent. However, the material Coultas cites is actually a petition for a writ of certiorari to the Supreme Court and not an actual Supreme Court decision. That said, Coultas nonetheless presents a viable argument that this court erred when it ruled that his claims were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). According to Coultas, the Ninth Circuit has recognized an "impossibility" exception to *Heck*. That is, where it is impossible for a plaintiff to avail himself of the remedy of habeas corpus, *Heck* cannot bar his claims arising under 42 U.S.C. § 1983 (hereinafter "section 1983"). Coultas is correct that the Ninth Circuit has joined other circuits in carving out an impossibility exception in narrow circumstances. He is incorrect, however, that those circumstances include his own.

The Supreme Court addressed the potential for an exception to *Heck* in *Spencer v. Kemna*,

523 U.S. 1 (1998). In *Spencer*, the petitioner challenged revocation of his parole. While still incarcerated in state prison, the petitioner filed a petition for habeas corpus alleging a lack of due process in the parole revocation proceedings. In part due to the state's requests for extensions of time, the matter was still pending when the petitioner was released from prison, rendering his petition for habeas corpus moot. The majority opinion noted that *Heck* would not bar a suit for damages under section 1983 so long as it did not imply the invalidity of the revocation of his parole, in essence restating the fundamental premise of *Heck*. In a concurring opinion, however, Justice Souter discussed the "favorable termination" requirement set forth in *Heck*. The concurrence first acknowledged that the majority opinion in *Heck* "acknowledged the possibility that even a released prisoner might not be permitted to bring a § 1983 action implying the invalidity of a conviction or confinement without first satisfying the favorable-termination requirement." *Spencer*, at 19-20. However, the concurrence went on to propose a "better view":

> [A] former prisoner, no longer "in custody," may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy. Thus, the answer to Spencer's argument that his habeas claim cannot be moot because *Heck* bars him from relief under § 1983 is that *Heck* has no such effect. After a prisoner's release from custody, the habeas statute and its exhaustion requirement have nothing to do with his right to any relief.

*Id*. at 21. As a concurrence, however, this analysis does not represent the majority holding in *Spencer*.

The Ninth Circuit took up this issue in *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002). There, Nonnette, a formerly-incarcerated prisoner, filed a section 1983 action for damages alleging due process violations associated with the revocation of good-time credits. The district court dismissed the claim on the ground that, having not successfully brought his claim via a petition for

habeas corpus, Nonnette was barred from bringing a section 1983 claim for damages by *Heck*'s favorable termination rule. The Ninth Circuit determined that, lacking a remedy in habeas for mootness, Nonnette was entitled to proceed under section 1983. The court noted in a footnote, however, the limited reach of its holding: "We also emphasize that our holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus." *Id*. at 878 n.7.[1]

Consistent with this clarification, the Ninth Circuit validated the *Heck* bar in *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006), where the plaintiff, no longer in custody, had failed to timely pursue his habeas remedy and was not otherwise prevented from doing so. The court noted that *Nonnette* was not applicable to those challenging their underlying conviction. The court also referenced *Cunningham v. Gates*, 312 F.3d 1148 (9th Cir. 2002), in which the Ninth Circuit applied the *Heck* bar despite the fact that habeas relief was no longer available to the plaintiff: "Habeas relief was 'impossible as a matter of law' in Cunningham's case because he failed timely to pursue it." *Guerrero*, 442 F.3d at 704. In evaluating the claim before it, the *Guerrero* court wrote:

> We find Guerrero's situation to resemble *Cunningham* more closely than *Nonnette*. Guerrero never challenged his convictions by any means prior to filing this lawsuit. Nearly three years passed from his last encounter with the LAPD before he took any action at all. His failure to timely achieve habeas relief is self-imposed.

---

[1] The availability of habeas relief to a formerly-incarcerated individual, i.e., the ability to avoid the mootness doctrine, is premised on whether the conviction carries collateral consequences. On this point, the Supreme Court wrote: "In recent decades we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." *Spencer*, 523 U.S. at 8. Thus, a former prisoner challenging his or her underlying conviction or convictions may pursue a remedy via a petition of habeas corpus. As such, the doctrinal bar in *Heck*, requiring favorable termination of the underlying conviction, is maintained as the plaintiff's proper remedy is in habeas.

> Thus, as in *Cunningham*, though habeas relief for Guerrero may be "impossible as a matter of law," we decline to extend the relaxation of *Heck*'s requirements. Guerrero cannot now use his "failure timely to pursue habeas remedies" as a shield against the implications of *Heck*. Accordingly, we hold that *Heck* bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy.

*Id.* at 705 (quoting *Cunningham*, 312 F.3d at 1154 n.3).

Here, several of Coultas's claims challenged his underlying conviction and, thus, ran afoul of *Heck* as their success would necessarily imply the invalidity of his conviction and subsequent confinement. Because he seeks to invalidate his prior convictions, Coultas has or had viable claims in habeas and, in the absence of favorable termination, cannot pursue section 1983 claims as they are barred by *Heck*. Accordingly, Coultas's motion for reconsideration is denied.

## *Conclusion*

For the reasons stated, Coultas's motion to supplement (#66) is GRANTED and Coultas's motion for reconsideration (#68) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of September, 2012.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge