IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LYLE MARK COULTAS,                                                    Civ. No. 3:11-cv-45-AC

                          Plaintiff,                                        OPINION AND
                                                                                ORDER
                    v.

STEVEN PAYNE, individually and in his
Official Capacity as Oregon State Crime
Laboratory Detective; CARROLL
TICHENOR, Yamhill County Judge;
DEPARTMENT OF THE OREGON
STATE POLICE; YAMHILL COUNTY
DISTRICT ATTORNEY'S OFFICE; CURT
GILBERT, individually and in his Official
Capacity as Yamhill County Jail
Commander; YAMHILL COUNTY JAIL;
RUSSEL LUDWIG, individually and in his
Official capacity as a Yamhill County
Sheriff Detective; YAMHILL COUNTY
SHERIFF DEPARTMENT; THE STATE
OF OREGON,

                          Defendants.

_____

OPINION AND ORDER                          1                                    {KPR}

ACOSTA, Magistrate Judge:

Defendants Steven Payne, Carroll Tichenor, Department of the Oregon State Police, Yamhill County District Attorney's Office, and the State of Oregon ("the State Defendants") move for the entry of final judgment under Federal Rule of Civil Procedure 54(b).  The State Defendants argue that such judgment is appropriate in order to avoid continued, duplicative litigation of the issues disposed of in this court's December 12, 2011, order granting summary judgments in favor of The State Defendants on all claims.  The State Defendants note that, on September 19, 2012, the court denied Plaintiff Lyle Mark Coultas's ("Coultas") motion for reconsideration of that ruling and that Coultas nonetheless continues to file legal documents that challenge the ruling.

The State Defendants admit that they did not confer with Coultas prior to filing this motion, but contend that, based on prior dealings with Coultas, they considered conferral futile.  However, the State Defendants did contact Coultas after the motion was filed, and Coultas informed the State Defendants that he opposed the motion.

In response, Coultas argues that the standard governing the conferral requirement does not recognize futility as an exception.  Additionally, Coultas again argues the substance of the original motion for summary judgment, namely the court's application of the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994) ("*Heck*"), and does not directly address the question of judgment under Rule 54(b).

*Discussion*

I.    Conferral

Local Rule 7-1 provides that "the first paragraph of every motion must certify that:  [t]he parties made a good faith effort through personal or telephone conferences to resolve the dispute and

OPINION AND ORDER                    2                    {KPR}

have been unable to do so[.]"  Local Rule of Civil Procedure 7-1(a)(1)(A).  A practice note accompanying this rule explains that where a party is proceeding pro se, "counsel should document a good faith effort to consult with the unrepresented party," and that compliance with the rule will be determined by the court "on a case by case basis."  *Id.* at Practice Tip 2.  The State Defendants admit that they did not attempt to confer with Coultas regarding this motion, but argue that conferral should be excused based on counsel's good faith belief that any attempt to confer would have been futile.

The court has discretion to decide whether a failure to confer should result in denial of the motion.  *United States v. Miljus*, CV. 06-1832-PK, 2007 U.S. Dist. LEXIS 96609, at *7 (D. Or. July 27, 2007).  This court has recognized a futility exception to the conferral requirement.  *See Stulting v. Grafton*, No. 03-11-cv-00411-HU, 2011 U.S. Dist. LEXIS 152939, at *17-18 (D. Or. Dec. 14, 2011) ("Good-faith conferral is warranted in all but the most unusual of circumstances. . . .  In this case, however, I doubt following such a procedure would bear fruit."); *Larry v. Nisley*, Civ. No. 09-662-AC, 2011 U.S. Dist. LEXIS 152871, at *7 (D. Or. Oct. 21, 2011) (where the record is ambiguous as to whether conferral took place the court excuses the formal conferral requirement "in light of the unlikelihood that the parties would have achieved consensus"); *Taylor v. Western Oregon Elec. Coop., Inc.*, CV-03-01311-ST, 2005 U.S. Dist. LEXIS 27825, at *7 (D. Or. Oct. 21, 2005) (excusing an attempted conferral the same day as the motion was filed where "[e]ven if the parties conferred earlier, they clearly would not have resolved the issues.").  Where the court seeks to excuse the conferral requirement, it should evaluate whether the failure to confer prejudiced the non-moving party.  *Miljus*, 2007 U.S. Dist. LEXIS 96609, at *8.

The State Defendants did not confer with Coultas prior to filing this motion.  In fact, they

only did so after the court inquired about the absence of a notice of conferral.  The State Defendants

contacted Coultas by email and, within five days of filing the motion, informed the court that

Coultas opposed the motion.  This court has said that an email exchange, alone, does not qualify as

meaningful conferral.  *See Williamson v. Munsen Paving LLC*, No. CV 09-736-AC, 2010 U.S. Dist.

LEXIS 27585, at * (D. Or. Mar. 2, 2010) ("The court wishes to make clear that an exchange of

emails, standing alone, does not satisfy Rule 7-1(a).")  However, where, as here, the parties have a

pattern of interaction during the course of litigation that evidences the futility of conferral, conferral

may be excused.  Here, Coultas has repeatedly litigated an issue that the court has decided, and the

State Defendants reasonably concluded that further conferral would have been futile.  Furthermore,

there is no evidence that failure to confer was prejudicial to Coultas and Coultas did oppose the

motion after the fact.  Accordingly, on these facts, the court excuses the State Defendants' failure

to confer.

II.    Entry of Judgment

Rule 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim,
> counterclaim, crossclaim, or third-party claim – or when multiple parties are
> involved, the court may direct entry of a final judgment as to one or more, but fewer
> than all, claims or parties only if the court expressly determines that there is no just
> reason for delay.

FED. R. CIV. P. 54(b).  In evaluating a Rule 54(b) motion for entry of final judgment, a district court

must, first, "determine that is has rendered a final judgment, that is, a judgment that is an ultimate

disposition of an individual claim entered in the course of a multiple claims action."  *Wood v. GCC*

*Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. General Electric*

*Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted)).  If the judgment is deemed final, the

court must next determine whether there is just reason for delay: "It is left to sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple clams action is ready for appeal." *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)). In determining whether sound judicial discretion calls for an entry of judgment under Rule 54(b), the court must consider whether the claims are legally and factually separable, and whether the entry of judgment may "result in multiple appellate decisions or duplicate proceedings on the same issues." *Birkes v. Tillamook County*, 2012 U.S. Dist. LEXIS 81765, at *3 (D. Or. June 13, 2012) (citing *Curtiss-Wright*, 446 U.S. at 8).

The court first considers whether the order in question was a final judgment as to the claims against the State Defendants. On December 12, 2011, the court issued an "Opinion and Order" (#44) dismissing all claims against the State Defendants as barred under the *Heck* doctrine. On July 18, 2012, Coultas filed a motion for reconsideration (#68). In a September 19, 2012, order (#71) the court addressed Coultas's assertion that the court committed clear error but it declined to alter or provide relief from its prior judgment pursuant to either Rule 59(e) or Rule 60(b). On October 1, 2012, Coultas attempted to appeal the September 19 order. The Ninth Circuit dismissed the appeal for lack of jurisdiction because the order appealed was not final and, thus, not appealable. Coultas has since filed a motion for summary judgment (#81) and a motion for default judgment (#85) against all defendants, again arguing that the court's ruling under *Heck* was incorrect.

In both its December 12, 2011, and September 19, 2012, orders, the court issued an ultimate disposition as to Coultas's claims against the State Defendants. Thus, the court's order represents a final judgment on all claims against the State Defendants and the first prong for dismissal under Rule 54(b) is satisfied.

The court next considers the separability of the claims and whether a final judgment would render appellate review of this matter duplicative.  Coultas has named ten defendants in this case and they have proceeded to defend the case in two groups.  Four defendants, proceeding as the "Yamhill County Defendants," filed for summary judgment on April 6, 2011 (#33), and include defendants Curt Gilbert, Russel Ludwig, the Yamhill County Jail, and the Yamhill County Sheriff's Department.  Six defendants, the State Defendants, pursued an alternate strategy and filed for dismissal on March 15, 2011.  Thus, the two groups have proceeded separately and presented separate defenses.

In evaluating the Yamhill County Defendants' motion for summary  judgment, the court construed Coultas's claims of due process violations under the Fourteenth Amendment and conversion. The Yamhill County Defendants argued that Coultas's claims were barred by the statute of limitations.  The court ruled that the due process violations were barred as untimely, but that there were genuine issues of fact regarding accrual of the conversion claim.  In evaluating the State Defendants' motion to dismiss, the court construed Coultas's claims of malicious prosecution, violation of the Sixth Amendment, fraud on the court, and due process violations.  The court ruled that all claims were barred under *Heck*.

Although the claims share an intertwined factual background, they rest on distinct factual bases.  The claims against the State Defendants rest on the confiscation, concealment, and destruction of exculpatory evidence, factual misrepresentations to the jury, and ineffective assistance of counsel.  The claims against the remaining defendants rest on an illegal interrogation, a failure to advise Coultas of his rights, the confiscation of and failure to produce evidence, and the conversion of Coultas's property.  Although the facts overlap to some degree, the claims rest on

distinct and unrelated courses of conduct by different defendants. The single claim remaining, for conversion by the Yamhill County Sheriff, rests on an altogether different set of facts from those that form the foundation for Coultas's claims against the State Defendants.

Furthermore, because the court's fundamental legal ruling regarding the application of *Heck* to Coultas's claims against the State Defendants is unique to its disposition as to the State Defendants, the court concludes that its ruling on the *Heck* issues is appropriate for appellate review and there is no just reason for delay of that review.

*Conclusion*

For the reasons stated, the State Defendants Motion for Entry of Final Judgment (#73) is GRANTED.

IT IS SO ORDERED.

DATED this 3rd day of May, 2013.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge


OPINION AND ORDER                          7                          {KPR}