IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LYLE MARK COULTAS, | Civ. No. 3:11-cv-45-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STEVEN PAYNE, individually and in his Official Capacity as Oregon State Crime Laboratory Detective; CARROLL TICHENOR, Yamhill County Judge; DEPARTMENT OF THE OREGON STATE POLICE; YAMHILL COUNTY DISTRICT ATTORNEY'S OFFICE; CURT GILBERT, individually and in his Official Capacity as Yamhill County Jail Commander; YAMHILL COUNTY JAIL; RUSSEL LUDWIG, individually and in his Official capacity as a Yamhill County Sheriff Detective; YAMHILL COUNTY SHERIFF DEPARTMENT; THE STATE OF OREGON, | |
| Defendants. | |

OPINION AND ORDER - 1 [RMD]

ACOSTA, Magistrate Judge:

Plaintiff Lyle Mark Coultas ("Coultas") filed this lawsuit against Defendants Steven Payne, Carroll Tichenor, the Oregon State Police ("State Defendants"), the Yamhill County District Attorney's Office, Curt Gilbert, Yamhill County Jail, Russell Ludwig, Yamhill County Sheriff's Department, and the State of Oregon ("County Defendants") (collectively "Defendants") for violations of Coultas's civil rights. The court dismissed all of Coultas's claims against State Defendants pursuant to the rule established by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), and entered judgement in State Defendants' favor. However, on appeal, the Ninth Circuit remanded the case to this court to consider the effect of the Ninth Circuit's subsequent decision in *Jackson v. Barnes*, 749 F.3d 755 (2014), on this court's *Heck* analysis. The parties now have filed supplemental briefs, and State Defendants have filed a Motion for Judicial Notice in support of their supplemental brief. The court concludes that under *Jackson*, Coultas's claims are not *Heck*-barred, and may proceed against Defendants Payne and Tichenor.

*Factual Background*

Coultas was charged and convicted of child-sexual abuse and possession of child pornography. He sought post conviction relief on the basis of ineffective assistance of counsel as well as prosecutorial and investigatory misconduct. In a June 25, 2007 Opinion Letter, Senior Judge James R. Hargreaves invalidated Coultas's conviction on the basis of insufficient assistance of trial and appellate counsel. Judge Hargreaves explained:

> Despite the plethora of issues raised in the 125 page Petition, there are only a handful of core issues that merit addressing. These fall into four general categories:
>
> 1. The handling of the issues surrounding the allegations of sexual abuse of Petitioner's daughter that were alleged to have taken place

in his pickup;

2. The computer report;

3. Comments on the credibility of witnesses by other witnesses;

4. Appellate counsel's failure to address the issue of the comments on the credibility of witnesses by other witnesses as plain error.

(Declaration of Andrew Hallman in support of Defendants' Request for Judicial Notice ("Hallman Decl."), Ex. 7 ("Hargreaves Opinion") at 3.) Ultimately, Judge Hargreaves found that Coultas's lawyers provided constitutionally deficient representation with regards to all four categories. (Hargreaves Opinion at 3.) However, Coultas's other arguments for reversing his sentence went unaddressed in the Opinion Letter. Because of the constitutional defects in Coultas's original conviction, he was granted a new trial.

During preparation for the new trial, Coultas discovered that some of his property, which the State had confiscated as evidence, had been destroyed. *Coultas*, 2011 WL 6205911, at *2. Moreover, Detective Russel Ludwig testified that Tichenor had instructed him not to take notes of witness interviews, and that witnesses' stories had changed over time. *Id.* Moreover, the State conceded that it could not find child pornography on Coultas's computer, and asserted a new theory that Coultas had deleted evidence of child pornography from his computer before the State could seize it. *Id.* at *1.

Before the court could conduct a new trial Coultas entered a plea agreement. (Hallman Decl. Ex. 8.) Under the plea agreement, Coultas agreed to plead no contest to charges of attempted sexual abuse in the first degree and attempted sexual abuse in the first degree. (Hallman Decl. Ex. 8.) In exchange, the prosecutor agreed to dismiss the remaining charges against Coultas and stipulated the

following: "The Defendant may petition the Court to reduce both convictions to class A Misdemeanors upon successful completion of the post-prison supervision, and the State will NOT OBJECT, provided the Defendant successfully completes the required period of post-prison supervision." (Hallman Decl. Ex. 8 at 3.) In a June 20, 2008 judgment, Senior Circuit Judge Allan H. Coon sentenced Coultas to 83 months in prison and five years of post-prison supervision " less the term of imprisonment," but credited Coultas with eighty-three and one-half months of time served. (Hallman Decl. Ex. 8 at 2, Ex. 9 at 2.) Coultas completed his sentence, and his convictions were "declared and adjudged to be [] Class A misdemeanor[s] pursuant to ORS 161.705." (Hallman Decl. Ex. 9 at 2-3.)

*Procedural Background*

Coultas filed this matter against Defendants on January 13, 2011, and alleged malicious prosecution, fraud on the court, and violations of his Sixth and Fourteenth Amendment rights. (Dkt. Nos. 1, 8.) In a December 12, 2011 Opinion and Order, the court dismissed all of Coultas's claims against State Defendants pursuant to the rule articulated by the U.S. Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Coultas v. Payne*, Civ. No. 3:11-cv-45-AC, 2011 WL 6205911, at *7 (D. Or. Dec. 12, 2011). In a separate Opinion and Order issued that same day, the court granted in part County Defendants' Motion for Summary Judgment, and dismissed as untimely Coultas's § 1983 claims as against the County Defendants. *Coultas v. Payne*, Civ. No. 3:11-cv-45-AC, 2011 WL 6205893, at *1 (D. Or. Dec. 12, 2011). However, the court concluded there remained genuine issues of material fact regarding Coultas's conversion claim. *Id.* The County Defendants again filed, and the court again denied, a motion for summary judgment against Coultas's conversion claim. *Coultas v. Payne*, Civ. No. 3:11-cv-45-AC, 2012 WL 4324931, at *4 (D. Or. Sept. 19, 2012).

In May 2013, the court entered a Final Judgment in favor of State Defendants and the Yamhill County District Attorney's Office on Coultas's claims. (Dkt. No. 95.) Although Coultas's conversion claim remained, the claims on which the court entered its appealable judgment "rest[ed] on distinct factual bases" compared to the live claims that remained after the court's December 12, 2011 rulings. *Coultas v. Payne*, No 3:11-cv-45-AC, 2013 WL 1870545, at *3 (D. Or. May 3, 2013) (vacated and remanded by *Coultas v. Payne*, 586 Fed. Appx. 429, 430 (9th Cir. 2014)).

On November 18, 2014, a panel of judges from the Ninth Circuit Court of Appeals unanimously vacated and remanded the court's entry of a final judgment. *Coultas*, 586 Fed. Appx. at 430. In vacating this court's judgment, the Ninth Circuit observed that "[t]he district court did not have the benefit of our recent decision in *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), when it determined that Coultas's § 1983 claims against the individual defendants, Steven Payne and Carroll Tichenor, were *Heck*-barred." *Coultas*, 586 Fed. Appx. at 430. On that basis, the court of appeals vacated in part this court's judgment "to allow the district court to reconsider its application of *Heck*, including whether Coultas's post-conviction relief invalidated his initial conviction, and whether his claims are inconsistent with his subsequent guilty plea conviction." *Id.* On remand, this court ordered the parties to file supplemental briefing on the question posed by the Ninth Circuit, and considers that briefing and considers State Defendants' Motion for Judicial Notice. (Dkt. Nos. 102, 106.)

*Legal Standards*

I. Motion for Judicial Notice

Under Federal Rule of Evidence 201, the court may take judicial notice of facts (1) that are generally known within the court's jurisdiction; or "(2) can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Courts readily take judicial notice of "undisputed matters of public record, and documents on file in a court." *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

II. Motion to Dismiss

Federal Rule of Civil Procedure 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Pleadings need not contain detailed factual allegations, but "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," and the plaintiff is unlikely to succeed on the merits. *Id.* at 556.

On a motion for failure to state a claim, the court is limited in the evidence it may consider. *Am. Family Ass'n, Inc. v. City & County of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court may consider the pleadings themselves, exhibits that are physically attached to the complaint, and matters of which the court may take judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). For all other factual matters, the court must assume all allegations in the complaint are true and draw all "reasonable inferences in favor of the nonmoving party." *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992).

In cases involving a *pro se* plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In other words, courts hold *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, despite the court's duty to treat *pro se* complaints liberally, the court may not supply essential elements of a claim that were not pleaded.

*Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

*Discussion*

At issue are two motions, both filed by State Defendants. The first asks the court to take judicial notice of ten documents which State Defendants use to support their argument on supplemental briefing. The second motion asks the court to find that this court's December 12, 2011 Opinion and Order dismissing Coultas's claims against Payne and Tichenor is unaffected by the Ninth Circuit's decision in *Jackson*. Coultas does not oppose State Defendants' Motion for Judicial Notice, but contends the *Jackson* ruling requires this court to deny State Defendants' Motion to Dismiss on remand from the Ninth Circuit.

I. Motion for Judicial Notice

State Defendants move for judicial notice of the following state-court documents: (1) the Oregon Judicial Information Network ("OJIN") case register for *State of Oregon v. Lyle Mark Coultas*, Yamhill County Circuit Court Case No. CR010164 ("*State v. Coultas*"); (2) The OJIN case register for *Lyle Coultas v. Jean Hill, Superintendent, Snake River Correctional Institution*, Post-conviction Relief, Malheur County Circuit Court Case No. 06045061M ("*Coultas v. Hill*"); (3) the criminal indictment for *State v. Coultas*; (4) the motion and order of dismissal of counts 15, 19, 20, and 21 for *State v. Coultas*; (5) the sentencing order for *State v. Coultas*; (6) the petition for post-conviction relief in *Coultas v. Hill*; (7) the judgement and opinion letter for *Coultas v. Hill*; (8) Coultas's affidavit and petition to enter a plea of no contest for *State v. Coultas*; (9) the second amended judgment for *State v. Coultas*; and (10) the supplemental judgment for *State v. Coultas*. Coultas does not oppose State Defendants' Motion.

The court may "take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Here, there is no question as to the accuracy and legitimacy of each of State Defendants' proffered exhibits. Therefore, the court grants State Defendants' Request for Judicial Notice, and will take judicial notice of all ten documents attached to State Defendants' motion.

II. Supplemental Briefing

In *Heck v. Humphrey*, the U.S. Supreme Court determined a plaintiff could not succeed in a § 1983 claim to recover damages where the claim calls into question the validity of an outstanding criminal conviction or sentence. 512 U.S. 477, 487 (1994). There, the plaintiff was convicted and incarcerated for voluntary manslaughter. *Id.* at 479. During his incarceration, the plaintiff filed a § 1983 claim in which he alleged the prosecuting attorney and police assigned to his criminal case destroyed evidence, used unlawful identification methods at trial, and "engaged in an 'unlawful, unreasonable, and arbitrary investigation . . . .'" *Id.* The district court dismissed the plaintiff's claims "because the issues it raised 'directly implicate the legality of [the plaintiff's] confinement.'" *Id.* On appeal, the Supreme Court affirmed the district court's conclusion and held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486. In disallowing § 1983 claims which call into question a valid conviction or sentence, the Court was primarily concerned with the possibility of conflicting judgments:

> This requirement 'avoids parallel litigation over the issues of probable cause and guilt and it precludes the possibility of the claimant succeeding in the tort action after

> having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."

*Id.* at 484. Thus, the Court directed lower courts analyzing a prisoner's § 1983 claim to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Jackson v. Barnes*, the Ninth Circuit further explained *Heck's* scope in barring a § 1983 claim. 749 F.3d 755 (9th Cir. 2014). There, the plaintiff was convicted of first degree murder, but his conviction was later reversed because evidence was introduced at his trial in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The plaintiff was retried and convicted without the use of the tainted evidence. *Jackson*, 794 F.3d at 759. After the first conviction was overturned, the plaintiff filed a § 1983 claim related to the *Miranda* violation. *Id.* The Ninth Circuit held that the plaintiff's claims were not barred by the *Heck* doctrine because the conviction implicated by the plaintiffs § 1983 claims had already been invalidated by the court. *Id.* "Therefore, a judgment in [the plaintiff's] favor would – far from 'necessarily imply[ing]' the invalidity of his second conviction — not have any bearing on it." *Id.* Under *Jackson*, where the purportedly unconstitutional action at issue in a § 1983 claim formed the basis of a conviction which has already been invalidated by an appeals court or during post-conviction relief, the plaintiff's claims may proceed.

In concluding as it did, the *Jackson* court cited with approval the Second Circuit Case *Poventud v. City of New York*, 750 F.3d 121 (2d Cir. 2014). In *Poventud*, the plaintiff was convicted of second degree murder after the prosecutor withheld exculpatory evidence. *Id.* at 125. A New York state court granted the plaintiff's petition for post conviction relief and overturned the

conviction for violating *Brady v. Maryland*, 373 U.S. 83 (1961). *Id.* The plaintiff later pleaded guilty to lesser charges, but brought a § 1983 claim for violation of his rights under *Brady*. *Id.* at 126. The Second Circuit held that granting the plaintiff's requested relief under § 1983 would not invalidate a valid conviction, because the plaintiff had been validly convicted only under the plea agreement. *Id.* at 130. Thus, permitting the plaintiff's § 1983 claim to proceed would not create inconsistent court orders or permit collateral litigation of a outstanding criminal judgment. *Id.*

Here, as in *Jackson* and *Poventud*, permitting Coultas's § 1983 claims to proceed would not challenge the validity of an outstanding criminal judgment, permit collateral litigation of criminal issues, or contravene the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484. Coultas's convictions for nineteen charges related to sexual abuse of a child and child pornography were overturned by Judge Hargreaves for violation of Coultas's Sixth Amendment right to effective assistance of counsel. Coultas's subsequent outstanding criminal conviction was based on his plea agreement, and not on constitutionally tainted evidence. *See Ove v. Gwinn*, 264 F.3d 817, 823 (9th Cir. 2001) (constitutionally tainted evidence was not introduced against a defendants who pleaded guilty and no contest because "[n]o evidence was introduced against them. . . . *Their convictions derive from their pleas, not from verdicts obtained with supposedly illegal evidence.*") (emphasis added). Because Coultas's conviction derives solely from his no contest plea, his challenge in this case to the constitutionality of the State's evidence does not implicate the validity of his 2008 conviction under the plea agreement. Therefore, allowing Coultas to sue Payne and Tichenor for alleged constitutional violations allegedly perpetuated during Coultas's first trial would not be inconsistent with his outstanding criminal conviction and thus would not be inconsistent with the Supreme

Court's holding in *Heck*.

State Defendants argue that the constitutionally tainted evidence at issue in this case was, in fact, used to obtain his second conviction. Therefore, according to plaintiffs, Coultas's § 1983 claim would call into question the validity of his second conviction under the plea agreement, and should be *Heck* barred. To advance their argument, State Defendants rely primarily on Coultas's allegation in the Second Amended Complaint that he agreed to plead no contest to two counts of attempted sexual assault because "Payne was prepared to go back to trial and commit perjury with his false evidence again as he did in Plaintiff's trial and Post Conviction and so much had been done by the defendants that Plaintiff was told by his Defense Counsel that he could not ever receive a fair trial." (Second Am. Compl. ¶ 11.) According to State Defendants, this allegation proves that the evidence at issue was "used" in obtaining the second conviction.

The court disagrees. First, as the court has already discussed, convictions obtained from pleas of guilty or no contest are not based on evidence, but "[t]heir convictions derive [solely] from their pleas, not from verdicts obtained with supposedly illegal evidence." *Ove*, 264 F.3d at 823. The plea agreement makes no reference to the evidence the State was prepared to introduce against Coultas, including the evidence at issue in this matter.

Second, the pleadings and record in this case do not make clear that the computer evidence necessarily would have been introduced against Coultas at trial to prove the crimes for which he was ultimately convicted. To prove a defendant committed the crime of attempted sexual abuse in the first degree, the state must demonstrate the defendant attempted, by undertaking substantial steps in furtherance of the following elements:

(1) touch[ing] an intimate part of the victim for the purpose of gratifying the sexual

desire of the defendant or the victim *or* caused the victim to touch an intimate part of the defendant for such purpose, . . . [and (2)] the victim is less than 14 years of age; the victim is subjected to "forcible compulsion" by the defendant; or the victim is incapable of consent.

*State v. Marshall*, 350 Or. 208, 211 (2011); OR. REV. STAT. § 163.427; *see also State v. Johnson*, 202 Or. App. 478, 486-87 (2005) (discussing the "substantial steps" necessary to "attempt" a crime). The evidence at issue in this case would not be relevant to prove the elements of attempted first degree sexual abuse. At oral argument, State Defendants argued the computer evidence would be material to rebut certain defenses Coultas could potentially raise. State Defendants may be correct, but the record and pleadings in this case do not definitively demonstrate that Coultas's defenses would necessitate the introduction of the computer evidence. Thus, constitutional challenges to the computer evidence would not invalidate Coultas's second conviction under *Heck*.

State Defendants next argue that allowing Coultas's § 1983 claims to proceed would lead to results inconsistent with Judge Hargreaves's opinion reversing Coultas's convictions. However, Judge Hargreaves's opinion never directly addressed the constitutionality of the evidence itself, only Coultas's lawyer's failure to obtain it during discovery. Moreover, nothing in Judge Hargreaves's opinion relies upon the proper use of the evidence Coultas now challenges. Because Judge Hargreaves came to no particular conclusion about the computer evidence, allowing Coultas's § 1983 claim to proceed would not be inconsistent with his opinion letter. Because Coultas's claims are not *Heck*-barred, the court denies State Defendants' Motion to Dismiss and will permit Coultas's § 1983 claims against Payne and Tichenor to proceed.

*Conclusion*

For the aforementioned reason, State Defendants' Motion for Judicial Notice is GRANTED.

However, the court concludes Coultas's § 1983 claims against Tichenor and Payne are not *Heck*-barred. Therefore, the court DENIES in part State Defendants' Motion to Dismiss.

IT IS SO ORDERED

This 9th day of October, 2015.

JOHN V. ACOSTA
United States Magistrate Judge