IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LYLE MARK COULTAS, | Civ. No. 3:11-cv-00045-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| STEVEN PAYNE, individually and in his Official Capacity as Oregon State Crime Laboratory Detective; CARROLL TICHENOR, Yamhill County Judge; DEPARTMENT OF THE OREGON STATE POLICE; YAMHILL COUNTY DISTRICT ATTORNEY'S OFFICE; CURT GILBERT, individually and in his Official Capacity as Yamhill County Jail Commander; YAMHILL COUNTY JAIL; RUSSEL LUDWIG, individually and in his Official capacity as a Yamhill County Sheriff Detective; YAMHILL COUNTY SHERIFF DEPARTMENT; THE STATE OF OREGON, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Plaintiff Lyle Mark Coultas ("Coultas") filed this lawsuit against Defendants Steven Payne ("Payne"), Carroll Tichenor ("Tichenor"), the Department of the Oregon State Police ("OSP"), the Yamhill County District Attorney's Office, Curt Gilbert, Yamhill County Jail, Russel Ludwig, Yamhill County Sheriff Department, and the State of Oregon (collectively "Defendants") for constitutional violations which allegedly occurred during the investigation and prosecution of criminal charges against Coultas in 2001. Defendants Payne and Tichenor now move to dismiss Coultas's claims for failure to state a claim, for violation of the statute of limitations, and for insufficient service of process.

*Factual Background*

In 2001, Coultas was charged and convicted of child-sexual abuse and possession of child pornography. *Coultas v. Payne*, No. 3:11-cv-00045-AC, 2015 WL 5920645, at *1 (D. Or. Oct. 9, 2015). He sought post-conviction relief on the basis of ineffective assistance of counsel as well as prosecutorial and investigatory misconduct. *Id*. Coultas contended in his petition for post-conviction relief that the investigators and prosecutors involved in his conviction violated his constitutional rights by providing false testimony and manipulating witnesses. *Id*. In a June 25, 2007 Opinion Letter, Senior Judge James R. Hargreaves ("Judge Hargreaves") invalidated Coultas's conviction on the basis of insufficient assistance of trial and appellate counsel. *Id*. However, Coultas's other arguments for reversing his sentence went unaddressed in the Opinion Letter. *Id*. Because of the constitutional defects in Coultas's original conviction, he was granted a new trial. *Id*.

During preparation for the new trial Coultas discovered additional misconduct by Defendants. Coultas discovered that some of his property, which the State had confiscated as

evidence, had been sold or destroyed. *Coultas v. Payne*, No. 3:11-cv-45-AC, 2011 WL 6205911, at *2 (D. Or. Dec. 12, 2011). A detective testified that Tichenor, then the lead prosecutor on the case, instructed the detective not to take notes of witness interviews. *Id*. The detective also admitted that many of the prosecution's witnesses had changed their stories over time. *Id*. Further, Tichenor provided expert witnesses with Tichenor's direct-examination questions before trial and instructed those witnesses on how they should answer each question. *Id*. Tichenor also removed exculpatory evidence from Coultas's residence and did not produce the evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Coultas*, 2011 WL 6205911, at *1. Finally, the State conceded that it could not find child pornography on Coultas's computer and asserted a new theory that Coultas had deleted evidence of child pornography from his computer before the State could seize it. *Id*.

Before a second trial could commence, Coultas entered a plea agreement. (Hallman Decl. Ex. 8.) Under the plea agreement, Coultas agreed to plead no contest to two counts of attempted sexual abuse in the first degree. (Hallman Decl. Ex. 8.) In exchange, the prosecutor dismissed the remaining charges against Coultas and agreed not to object if Coultas petitioned to reduce the convictions "to class A misdemeanors upon successful completion of the post-prison supervision . . . ." (Hallman Decl. Ex. 8 at 3.) In a June 20, 2008 judgment, Judge Gayle Nachtigal sentenced Coultas to 83 months in prison and five years of post-prison supervision "less the term of imprisonment," but credited Coultas with eighty-three and one-half months of time served. (Hallman Decl. Ex. 8 at 2, Ex. 9 at 2.) Coultas completed his sentence, and his convictions were "declared and adjudged to be [] Class A misdemeanor[s] pursuant to ORS 161.705." (Hallman Decl. Ex. 9 at 2-3.)

*Procedural Background*

Coultas filed this lawsuit against Defendants on January 13, 2011, and alleged claims under § 1983 for malicious prosecution, fraud on the court, and violations of his Sixth and Fourteenth Amendment rights. (Dkt. Nos. 1, 8.) To date, the Defendants have proceeded in two separate groups. Payne, Tichenor, OSP, the Yamhill County District Attorney's Office, and the State of Oregon ("State Defendants") filed a motion to dismiss on March 15, 2011. (Dkt. No. 22.) Less than a month later, Gilbert, Ludwig, Yamhill County Jail, and the Yamhill County Sheriff Department ("County Defendants") filed a motion for summary judgment. (Dkt. No. 33.)

The court addressed the Defendants' motions in two separate opinions, both of which it issued on December 12, 2011. (Dkt. No. 43, 44.) The court granted the County Defendants summary judgment on all of Coultas's claims except for his claim of unlawful deprivation of property. (Dkt. No. 43.) On the State Defendants' motion to dismiss, the court dismissed all of Coultas's claims against OSP, the Yamhill County District Attorney's Office, and the State of Oregon upon finding those three defendants were entitled to sovereign immunity. (Dkt. No. 44.) Thereafter, the court dismissed all of Coultas's claims against Payne and Tichenor pursuant to the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In May 2013, the court entered a final judgment in favor of State Defendants on Coultas's claims. (Dkt. No. 95.) Coultas's conversion claim against the County Defendants remained, but the claims on which the court entered its appealable judgment "rest[ed] on distinct factual bases" compared to the live claims that remained after the court's December 12, 2011 rulings. *Coultas v. Payne*, No 3:11-cv-45-AC, 2013 WL 1870545, at *3 (D. Or. May 3, 2013) (vacated and remanded by *Coultas v. Payne*, 586 Fed. Appx. 429, 430 (9th Cir. 2014)). On November 18, 2014, a panel of

judges from the Ninth Circuit Court of Appeals unanimously vacated the court's judgment and remanded the case for reconsideration. *Coultas,* 586 Fed. Appx. at 430. In vacating this court's judgment, the Ninth Circuit observed that "[t]he district court did not have the benefit of our recent decision in *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), when it determined that Coultas's § 1983 claims against the individual defendants, Steven Payne and Carroll Tichenor, were *Heck*-barred." *Coultas*, 586 Fed. Appx. at 430.

On remand, the court concluded Coultas's claims were not *Heck*-barred because his claims against Payne and Tichenor were premised on Defendants' investigation and prosecution of the first criminal case. *Coultas v. Payne*, 3:11-cv-00045-AC, 2015 WL 5920645 (D. Or. Oct. 9, 2015). Because Judge Hargreaves vacated the conviction resulting from the first trial, Coultas's claims would not serve as a collateral attack to an existing criminal conviction or sentence. *Id*. On that basis, the court concluded Coultas's claims were legally cognizable and could move forward. *Id*. Tichenor and Payne, the only State Defendants remaining party to this case, now move to dismiss Coultas's claims against them.

*Legal Standard*

Federal Rule of Civil Procedure ("Rule") 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Pleadings need not contain detailed factual allegations, but "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," and the plaintiff is unlikely to succeed on the merits. *Id.* at 556.

On a motion for failure to state a claim, the court is limited in the evidence it may consider.

*Am. Family Ass'n, Inc. v. City & Cty. of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court may consider the pleadings themselves, exhibits that are physically attached to the complaint, and matters of which the court may take judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). For all other factual matters, the court must assume all allegations in the complaint are true and draw all "reasonable inferences in favor of the nonmoving party." *Holden v. Hagopian,* 978 F.2d 1115, 1118 (9th Cir. 1992).

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (Supreme Court precedent instructs courts to liberally construe "inartful pleadings" of *pro se* litigants.). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

*Discussion*

Tichenor and Payne move to dismiss Coultas's claims with prejudice and enter a judgment in their favor. First, they argue Coultas's claim for "fraud on the court" is *Heck*-barred. Second, they argue Coultas's remaining claims are barred under Oregon's two-year statute of limitations. Third, Tichenor and Payne contend Coultas's claims should be dismissed because Coultas failed to issue adequate service of process.

I.  Fraud on the Court

Defendants argue that Coultas's claim for fraud on the court fails as a matter of law. They

argue that the only remedy available in a claim for fraud on the court is recision or modification of a prior court order. They further posit that Coultas's claim for fraud on the court is *Heck*-barred because granting Coultas such a remedy would call into question his valid criminal conviction deriving from the plea agreement. Coultas argues that, if successful, his claim for fraud on the court would render his criminal conviction void as if it had never occurred. Thus, according to Coultas, his claim would not call into question a valid criminal conviction and would not be barred under *Heck*.

Courts have derived their definition of "fraud on the court" primarily from Professor Moore, who wrote the following in *Moore's Federal Practice*:

> "Fraud upon the court" should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). Stated alternatively, a "'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobile Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (citing *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)).

The concept of fraud on the court has no basis in statute, but began as a court-created equitable device to remedy injustices under the court's "inherent power." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944). It, like other forms of equitable judicial relief, is "a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another court-made rule, the general rule that judgments should not be

disturbed after the term of their entry has expired." *Id*.

Since its common-law origins, the court's authority to address frauds on the court was memorialized in Federal Rule of Civil Procedure 60. That rule states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [for] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." FED. R. CIV. P. 60(b)(3). Rule 60 continues, "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). Despite the references made to it in the Rules of Civil Procedure, however, the concept of "fraud on the court" remains cloaked firmly in the concept of equity. Due to those equitable origins, no court has found that fraud on the court is an independent legal cause of action for which a plaintiff may recover damages. Instead, it is a theory pursuant to which a party may seek relief from a judgment or court order induced on the basis of the opposing party's fraud. *See Hazel-Atlas*, 322 U.S. at 248 (discussing recision of a judgment or order as the only remedy in a fraud on the court claim.)

The court concludes that Coultas fails to state a claim for fraud on the court. First, to the extent Coultas intended his claim for fraud on the court as one for damages, it fails as a matter of law because a court cannot award damages to remedy fraud on the court. Second, to the extent Coultas seeks an order vacating his valid criminal conviction, his claim for fraud on the court is barred under *Heck v. Humphrey*. As the court explained in its October 9, 2015 Opinion and Order, the "Supreme Court determined [in *Heck v. Humphrey*] that a plaintiff could not succeed in a § 1983 claim . . . where the claim calls into question the validity of an outstanding criminal conviction or sentence." *Coultas v. Payne*, No. 3:11-cv-00045-AC, 2015 WL 5920645, at *4 (D. Or. Oct. 9, 2015). In that Opinion, this court observed that Coultas's claims for damages relied on Payne and

Tichenor's alleged statutory and constitutional violations occurring during the first trial. The court concluded Coultas could pursue those claims because the conviction deriving from the first trial was vacated post-conviction and that his claims against Payne and Tichenor did not call into question any live criminal conviction or sentence. However, Coultas now makes clear that his claim for fraud on the court is an attempt to vacate the valid second conviction deriving from his no-contest plea. This is exactly the type of collateral attack which the Supreme Court invalidated in *Heck*.

Coultas argues that "[t]his court can not even apply the *Heck Doctrine* to this case because fraud on the court renders the initial judgement void, without force or effect." (Resp. at 3.) According to Coultas, Tichenor's and Payne's fraud on the court rendered his conviction as if it never occurred. Therefore, there is not live conviction which would compel the court to apply the *Heck* analysis. The court is not convinced. First, Coultas cites no authority for the proposition that *Heck* may not be applied to bar claims for fraud on the court, and the court could find no such support for that position. Second, even if there were a fraud-on-the-court exception to the *Heck* doctrine, Coultas's second conviction did not result directly from fraud on the court by Payne and Tichenor. It derived from Coultas's voluntary no-contest plea. Therefore, even if the court permitted Coultas's claim to go forward, he could not prove a causal nexus between the Defendants' alleged fraud and the conviction Coultas seeks to invalidate.

Because the court concludes Coultas cannot collect damages pursuant to his fraud on the court claim, and because under *Heck* the court cannot invalidate Coultas's valid criminal conviction, the court dismisses with prejudice Coultas's claim for fraud on the court.

II. Statute of Limitations

Tichenor and Payne argue that Coultas's remaining claims are barred by Oregon's two-year statute of limitations. Coultas posits that the statute of limitations should be equitably tolled. He also contends his claims are timely under the "continuing tort" doctrine. The court disagrees with Coultas and concludes his claims are untimely.

Section 1983 does not specify the statute of limitations applicable to claims brought thereunder. 42 U.S.C. § 1983. As a result, courts must apply the statute of limitations for analogous claims arising under the forum-state's law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Oregon, claims "for any injury to the person or rights of another," including § 1983 claims, are subject to a two-year limitations period. OR. REV. STAT. § 12.110. Thus, under the discovery rule, which courts have consistently applied to claims under § 1983, a plaintiff must bring his claim within two years of the date on which the plaintiff knew or should have known he or she suffered a legal injury and knows that the injury derives from the defendant's conduct. *Whalen v. Am. Med. Response Nw, Inc.*, 256 Or. App. 278, 280-285 (2013) (citing *T.R. v. Boy Scouts of Am.,* 344 Or. 282, 288 (2008)); *Berry v. Branner*, 245 Or. 307, 308 (1966).

Coultas alleges Tichenor and Payne violated his rights in 2001 during their investigation and prosecution of his first trial. However, due to the effect of *Heck*, Coultas could not file his § 1983 claims on the basis of that conduct until 2007 when Judge Hargreaves vacated his first conviction. When Judge Hargreaves vacated his first conviction, Coultas had knowledge of his alleged constitutional injury and had knowledge that the injury derived from the conduct and testimony of Tichenor and Payne. Therefore, Coultas's § 1983 claims accrued on June 25, 2007, when Judge Hargreaves issued the Opinion Letter. Coultas did not file this lawsuit until January 13, 2011, well

after the two-year limitations period had run. Therefore, his claims are untimely and should be dismissed.

Coultas argues his claims are timely because he is entitled to equitable tolling. "Broad tolling rules, such as those for the litigant's incapacity, the pendency of other proceedings, equitable tolling, and equitable estoppel are borrowed from state law." *Duncan v. Ore.*, Civil Case No. 05-1747-KI, 2007 WL 789433, at *3 (D. Or. March 14, 2007) (citing *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002)). Although no Oregon court has specifically applied equitable tolling to a personal injury or injury-to-rights case, the Oregon Supreme Court has held that "various circumstances can toll [a statute of limitations'] expiration." *Shasta View Irrigation Dist. v. Amoco Chemicals Corp.*, 329 Or. 151, 152 (1999) (citing *Baker v. Kennedy*, 317 Or. 372, 374 (1993) (tolling the statute of limitations where an insurer failed to give an insured party timely notice of the running of a statute of limitations after giving advance payment of damages)). In *Rodriguez v. Williams*, Judge Stewart explored whether equitable tolling applies to § 1983 claims and concluded, based on the "sparse history" of its use in Oregon courts, "that equitable tolling is available [only] when circumstances outside the control of the [plaintiff] make it impossible to comply with a statute of limitations." Civil No. 08-290-ST, 2010 WL 1542092, at *3 (D. Or. Feb. 25, 2010). The court is persuaded by Judge Stewart's analysis of this issue and concludes the doctrine of equitable tolling should be applied only to those claims where patent injustice would result from the court's failure to toll the statute of limitations.

Here, Coultas does not present sufficient justification for tolling the statute of limitations. First, Coultas argues he was unavoidably delayed in filing his claims because no attorney would take his case. Civil litigants are not required obtain an attorney as a pre-condition of filing a lawsuit.

Therefore, his *pro se* status does not entitle him to equitable tolling. Second, Coultas contends the limitations period should be tolled because he timely asserted his claims in the wrong forum. In support of this position, he cites *Oshiver v. Levin, Sedren, & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). In *Oshiver*, the Third Circuit held that a plaintiff may be entitled to equitable tolling where he or she "has timely asserted his or her rights mistakenly in the wrong forum." *Id*. However, *Oshiver* is not binding authority in this district, and the *Oshiver* court was not applying Oregon law of equitable tolling as the court must do in this case. Coultas presents no other justification for tolling his claim. Therefore, the court will not equitably toll the two-year statute of limitations.

Coultas next argues his claims are timely because he was subject to a "continuing tort." Under Oregon law, a "continuing tort is based on the concept that recovery is for the cumulative effect of wrongful behavior, not for discreet elements of that conduct." *Atwood v. Oregon Dep't of Transp.*, No. CV-06-1726-ST, 2008 WL 803020, at *12 (D. Or. March 20, 2008) (quoting *Barrington v. Sandberg*, 164 Or. App. 292, 296 (1999)). The continuing tort doctrine may not be used to rely on "discrete acts, which are separately actionable, even though they are connected by the same design or intent." *Atwood*, 2008 WL 803020, at *12. Moreover, where a plaintiff suffers actionable harm from each discrete event at issue, the plaintiff may not "ride out the storm and lump sum her grievances" and is not entitled to application of the continuing tort doctrine. *Davis v. Bostick*, 282 Or. 667, 674 (1978).

Here, even if Defendants' actions constituted a continuing tort, Coultas's claims would still be untimely. The continuing tort doctrine does not serve to extend the limitations period forward in time. Instead, it serves to allow a plaintiff to sue a defendant based on the defendant's conduct which occurred before the date the plaintiff's claims otherwise accrued. Regardless of whether

Coultas was subject to a continuing tort, his claims against Payne and Tichenor accrued in 2007 and did not continue thereafter. His January 2011 filing would be untimely whether or not the court applies the continuing violation rule. Thus, Coultas's claims are not saved under this rule.

Because Coultas's claims are untimely under Oregon's two-year statute of limitations, Coultas's remaining claims against Tichenor and Payne are dismissed with prejudice. As a result, the court need not address Defendants' remaining arguments for dismissal regarding service of process.

*Conclusion*

For the aforementioned reasons, Defendants' Motion to Dismiss (Dkt. No. 125) is GRANTED, and the court will enter a judgment dismissing Payne and Tichenor as defendants to this case.

IT IS SO ORDERED

This  24th  day of February, 2016.

                                           /s/ John V. Acosta
                                           JOHN V. ACOSTA
                                         United States Magistrate Judge