IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LYLE MARK COULTAS,

Plaintiff,

v.

STEVEN PAYNE, individually and in his Official Capacity as the Oregon State Crime Laboratory Detective; CARROL TICHENOR, Yamhill County Judge; DEPARTMENT OF THE OREGON STATE POLICE, YAMHILL COUNTY DISTRIT ATTORNEY'S OFFICE; CURT GILBERT, individually and in his Official Capacity as Yamhill County Jail Commander; YAMHILL COUNTY JAIL; RUSSELL LUDWIG, Individually and in his Official Capacity as a Yamhill County Sheriff Detective; YAMHILL COUNTY SHERIFF DEPARTMENT; STATE OF OREGON,

Defendants.

3:11-cv-00045-AC

**OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

ACOSTA, Magistrate Judge:

This matter comes before the court on plaintiff Lyle Coultas's ("Coultas") motion (#140) to reconsider the Court's Order and Opinion dated February 24, 2016. Upon consideration of the motion and the entire file, the motion is denied.

*Background*

On January 13, 2011, Coultas, proceeding pro se, filed this action against Defendants Steven Payne ("Payne"), Carroll Tichenor ("Tichenor"), the Department of the Oregon State Police ("OSP"), the Yamhill County District Attorney's Office, Curt Gilbert, Yamhill County Jail, Russel Ludwig, Yamhill County Sheriff Department, and the State of Oregon (collectively "Defendants"), alleging claims under §1983 for constitutional violations during the investigation and prosecution of criminal charges against Coultas in 2001. Defendants proceeded in two separate groups: Payne, Tichenor, OSP the Yamhill Cuonty District Attorney's Office, and the State of Oregon ("State Defendants"); and Gilbert, Ludwig, Yamhill County Jail, and the Yamhill County Sheriff Department ("County Defendants"). State Defendants and County Defendants filed a motion to dismiss (#22) and a motion for summary judgment (#33), respectively.

The Court granted the County Defendants' motion for summary judgment on all claims except for Coultas's claim of unlawful deprivation of property (#43). The court also dismissed all of Coultas's claims against the OSP, the Yamhill County District Attorney'S Office, and the State of Oregon based on sovereign immunity (#44). The court dismissed all of Coultas's claims against Payne and Tichenor pursuant to the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In May 2013, the court entered a final judgment in favor of the State Defendants on Coultas's claims (#95). The Ninth Circuit vacated this decision in 2014, stating that "[t]he district court did not have the benefit of our recent decision in *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), when it determined that Coultas's 1983 claims against the individual defendants, Steven Payne and Carroll Tichenor, were *Heck*-barred." *Coultas v. Payne*, 586 Fed.Appx. 429,

430 (9th Cir. 2014). On remand, the court concluded that Coultas's claims were not barred by *Heck* and were legally cognizable. Tichenor and Payne then moved to dismiss those claims (#125). In an Order and Opinion dated February 24, 2016, this Court granted the motion for dismiss, stating that Coultas failed to state a claim of fraud on the court, and that his additional claims were barred by the statute of limitations (#137). Coultas now moves for reconsideration of the Order and Opinion (#140).

*Legal Standards*

*A. The Court's Review of Pro Se Filings*

A court must liberally construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). When dismissing the complaint of a pro se litigant, the litigant "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*en banc*)).

*B. Motion for Reconsideration*

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012). However, two rules contemplate a situation where the court may revisit prior decisions and order them amended, rescinded, or reversed. FED. R. CIV. P. 59(e), 60(b) (2016). After the court has entered a final judgment in a matter, a party may seek relief from that judgment "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a

judgment) or Rule 60(b) (relief from judgment)." *Allen*, 2012 WL 5996935, at *1 (quoting *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

Rule 60(b) provides that a court may "relieve a party or its legal representative from a final judgment, order or proceeding for the

following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 59(e) does not articulate a test to determine when a court should reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissoko v. Rocha,* 440 F.3d 1145, 1153-54 (9th Cir. 2006); *Kona Enters., Inc. v.Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under either rule, "a motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision." *Romtec, et al. v. Oldcastle Precast, Inc.*, 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011) (citing *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996)).

When a party moves for reconsideration based on new evidence, the court applies the same test regardless of whether the motion is brought under Rule 59 or Rule 60. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990), (citing 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTCIE AND PROCEDURE: CIVIL § 2859 (1973)). "Under this test the movant must show the evidence (1) existed at the time of the [original decision], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones*, 921 F.2d at 878 (internal quotation marks omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc.*, 229 F.3d at 890. Motions for reconsideration should not be frequently made or freely granted. *Twentieth Century–Fox Film Corp.v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

*Discussion*

Coultas's state court criminal conviction was entered after a plea of no contest. In his fraud on the court claim, Coultas asks the court to invalidate his state-court criminal conviction based on newly-discovered evidence, and to award damages. (#140 at 4). In his motion for reconsideration, Coultas argues that at the time of his no contest plea he had no access to federal habeas relief, and should therefore be allowed to challenge his convictions through a fraud on the court action. He also contends that his fraud on the court action is not barred by *Heck*. For the reasons discussed below, Coultas's motion for reconsideration is denied.

Coultas fails to meet the Fed. R. Civ. P. 60 standard for relief from a final Order and Judgment because he has not shown that he can overcome the Supreme Court's standards for challenging a state court criminal conviction. Under *Younger v. Harris*, 401 U.S. 37, 57 (1971),

a federal court cannot enjoin a state court criminal conviction except in narrow circumstances, and a petition for habeas corpus is the exclusive remedy to challenge a state-court criminal conviction. *Preiser v. Rodriguez,* 411 U.S. 475, 488-89 (1973). In *Heck*, the Court held that an action for damages cannot proceed if that action implicates the validity of a criminal conviction. 512 U.S. at 479. Because Coultas's action for fraud on the court implicates the validity of his criminal conviction, Coultas's challenge to his state-court criminal conviction via a fraud on the court action is barred by *Heck.* As the Supreme Court held in that case, civil cases such as Coultas's fraud-on-the-court action are not the proper vehicles for evaluating the validity of an outstanding criminal judgment. *Id.* Coultas's claim is therefore barred for the reasons set forth in this court's February, 2016 Order (#137 at 9), and his briefing does not provide a justification for relief from the court's Opinion and Order under Fed. R. Civ. P. 60(b).

In sum, the Court finds no basis to reconsider its February, 2016 Opinion and Order. Coultas's motion for reconsideration is therefore denied.

*Conclusion*

For the reasons stated above, plaintiff's motion to reconsider (#140) is DENIED.

IT IS SO ORDERED.

DATED this 12th day May, 2016

JOHN ACOSTA
United States Magistrate Judge