IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LYLE MARK COULTAS,

                Plaintiff,

v.

STEVEN PAYNE, individually and in his
Official Capacity as the Oregon State Crime
Laboratory Detective; CARROL TICHENOR,
Yamhill County Judge; DEPARTMENT OF
THE OREGON STATE POLICE, YAMHILL
COUNTY DISTRICT ATTORNEY'S OFFICE;
CURT GILBERT, individually and in his Official
Capacity as Yamhill County Jail Commander;
YAMHILL COUNTY JAIL; RUSSELL LUDWIG,
Individually and in his Official Capacity as a
Yamhill County Sheriff Detective; YAMHILL
COUNTY SHERIFF DEPARTMENT; STATE
OF OREGON,

                Defendants.

3:11-cv-00045-AC

**OPINION AND ORDER**

**ACOSTA, Magistrate Judge:**

OPINION AND ORDER                1

Yamhill County Sheriff's Department ("Yamhill County Sheriff") moves (ECF No. 159) for reconsideration of the court's December 12, 2011 Order and Opinion (ECF No. 43) ("December 2011 Opinion") denying its motion for summary judgment against plaintiff Lyle Coultas's ("Coultas") remaining claim against Yamhill County Sheriff. Upon consideration of the motion and the entire file, Yamhill County Sheriff's motion for reconsideration is GRANTED, summary judgment in favor of Yamhill County Sheriff is GRANTED, and Coultas's remaining claim is DISMISSED with PREJUDICE.

*Background*

On January 13, 2011, Coultas, proceeding pro se, filed this lawsuit against defendants Steven Payne ("Payne"), Carroll Tichenor ("Tichenor"), the Department of the Oregon State Police ("OSP"), the Yamhill County District Attorney's Office, Curt Gilbert, Yamhill County Jail, Russel Ludwig, Yamhill County Sheriff, and the State of Oregon (collectively "Defendants"), alleging claims under § 1983 for constitutional violations during the investigation and prosecution of criminal charges against Coultas in 2001. Defendants proceeded in two separate groups: Payne, Tichenor, OSP, the Yamhill County District Attorney's Office, and the State of Oregon ("State Defendants"); and Gilbert, Ludwig, Yamhill County Jail, and the Yamhill County Sheriff ("County Defendants"). State Defendants and County Defendants filed a motion to dismiss (ECF No. 22) and a motion for summary judgment (ECF No. 33), respectively.

In its December 2011 Opinion, the court granted in part and denied in part the County Defendants' motion for summary judgment. (ECF No. 43; *Coultas v. Payne, et al.*, Case No. 11-cv-45-AC, 2011 WL 6205893 (D. Or. Dec. 12, 2011).) The court dismissed all of Coultas's claims against the OSP, the Yamhill County District Attorney's Office, and the State of Oregon based on

sovereign immunity. The court dismissed all of Coultas's claims against Payne and Tichenor, pursuant to the U.S. Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The court denied the motion on Coultas's claim of unlawful deprivation of property against Yamhill County Sheriff, however, finding that the three-year statute of limitations contained in ORS 12.100(1) governed Coultas's conversion claim. Specifically, the court concluded that the claim "survive[d] on statute of limitations grounds" because Coultas had filed his lawsuit "less than three years from the date he discovered" the loss of his property. *Coultas*, 2011 WL 6205893, at *5.

In May 2013, the court entered a final judgment in favor of the State Defendants on Coultas's claims. (ECF No. 95.) The Ninth Circuit vacated this decision in 2014, stating that "[t]he district court did not have the benefit of our recent decision in *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), when it determined that Coultas's § 1983 claims against the individual defendants, Steven Payne and Carroll Tichenor, were *Heck*-barred." *Coultas v. Payne*, 586 Fed. Appx. 429, 430 (9th Cir. 2014). On remand, this court concluded that Coultas's claims against Payne and Tichenor were not barred by *Heck* and were legally cognizable. (ECF No. 111; *Coultas v. Payne, et al.*, Case No. 11-cv-45-AC, 2015 WL 5920645 (D. Or. Oct. 9, 2015.)

Tichenor and Payne then moved to dismiss those claims. (ECF No. 125.) In a February 24, 2016 Order and Opinion (ECF No. 137; *Coultas v. Payne, et al.*, Case No. 11-cv-45-AC, 2016 WL 740421 (D. Or. Feb. 24. 2016)), this court granted Tichenor and Payne's motion to dismiss, finding that Coultas failed to state a claim of fraud on the court, and dismissed Coultas's remaining claims against these two defendants because those claims were barred by the statute of limitations. Coultas moved (ECF No. 140) for reconsideration of the February 24, 2016 Order and Opinion, and the court

denied his motion on May 12, 2016. (ECF No. 169; *Coultas v. Payne, et al.*, 2016 WL 2770805 (D. Or. May 12, 2016)[1].)

On May 9, 2016, Yamhill County Sheriff filed the current motion, its Third Motion for Summary Judgment (ECF No. 159), against Coultas's only remaining claim, conversion. Although Yamhill County Sheriff styles its motion as one for summary judgment, the content of the motion makes clear that the motion is one for reconsideration of the court's December 2011 Opinion denying Yamhill County Sheriff summary judgment on the conversion claim based on statute of limitation grounds. In its motion Yamhill County Sheriff argues ORS 12.100(1) does not apply and that the two-year statute of limitation contained in the Oregon Tort Claims Act ("OTCA"), ORS 30.265, instead provides the correct limitation period. Under that statute, Yamhill County Sheriff observes, Coultas's conversion claim thus is time-barred.

*Legal Standards*

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012). However, after the court has entered a final judgment in a matter, a party may seek relief – reconsideration – from that judgment "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Allen*, 2012 WL 5996935, at *1 (quoting *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Rule 60(b) provides that a court may "relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:"

---

[1]    Coultas has appealed this ruling. (ECF No. 172.)

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 59(e) does not articulate a test to determine when a court should reconsider a prior decision, but courts have determined that reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissoko v. Rocha*, 440 F.3d 1145, 1153-54 (9th Cir. 2006); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under either rule, "a motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision." *Romtec, et al. v. Oldcastle Precast, Inc.*, 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011) (citing *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996)).

When a party moves for reconsideration based on new evidence, the court applies the same test regardless of whether the motion is brought under Rule 59 or Rule 60. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990), (citing 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2859 (1973)). "Under this test the movant

OPINION AND ORDER            5

must show the evidence (1) existed at the time of the [original decision], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones*, 921 F.2d at 878 (internal quotation marks omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kana Enterprises, Inc.*, 229 F.3d at 890. Motions for reconsideration should not be frequently made or freely granted. *Twentieth Century–Fox Film Corp .v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

*Discussion*

In its December 2011 Opinion, the court construed Coultas's remaining claim for unlawful deprivation of property as a conversation claim[2], and applied the three-year statute of limitation contained in ORS 12.100. That statute provides:

> An action against a sheriff or constable upon a liability incurred by the doing of an act in an official capacity and in virtue of the office of the sheriff or constable; or by the omission of an official duty, including the nonpayment of money collected upon an execution . . . shall be commenced within three years.

In its December 2011 Opinion , the court also noted that the Oregon Tort Claims Act ("OTCA") provided a two-year statute of limitations:

> "Except as provided in ORS 12.120, 12.135 and 659A.875, *but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action*, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

---

[2] Throughout this lawsuit, the court has liberally construed Coultas's filings. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (a court must liberally construe the filings of a pro se plaintiff and "afford the petitioner the benefit of any doubt").

OPINION AND ORDER                6

ORS 30.275(9) (italics added). The Oregon Supreme Court has referred to the italicized portion of this subsection as "the notwithstanding clause." *See, e.g, Baker v. City of Lakeside*, 343 Or. 70, 74 (2007) ("Plaintiff interprets the notwithstanding clause differently.").

Coultas brought his conversion claim against a county sheriff, specifically, the Yamhill County Sheriff Department. Thus, following canons of statutory construction under Oregon law, this court found ORS 12.100 to be the applicable limitations period for Coultas's conversation claim against the Yamhill County Sheriff.[3] Because the two-year limitation provision in the OTCA conflicted with the three-year limitation provision under ORS 12.100, and because the OTCA limitation provision was more general than the limitation period provision contained in ORS 12.100 that specifically applies to legal actions against a sheriff, the court applied the three-year statute of limitations to Coultas's deprivation of property claim. *Coultas*, 2012 WL 6205893, at *3-4. The court thus denied Yamhill County Sheriff's motion for summary judgment on that claim because Coultas had filed his lawsuit within three years of discovering the conversion. *Id.* at *5.

Eighteen months after this court issued its December 2011 Opinion, the Oregon Supreme Court directly resolved the conflict, when a public body or official is a defendant in a case, between the OTCA's "notwithstanding clause" in 30.275(9) and statutes of limitation provision contained in other Oregon statutes. In *Bell v. Tri-County Metropolitan Transp. Dist. of Oregon*, 353 Or. 535, 540-41 (2013), the court confronted the meaning and effect of ORS 30.075(1)'s three-year limitation period for bringing wrongful death actions in a lawsuit against a public transportation agency under

---

[3] "In performing statutory construction, one general rule is that the court must, where possible, adopt a construction that 'will give effect to all' provisions of that statute. Where there is a true conflict between statutory provisions, 'specific provisions control more general provisions.'" (ECF No. 43, pp. 7-8 *citing* ORS 174.010(1) and *Fireman's Fund Ins. Co. v. Ed Niemi Oil Co.*, 436 F. Supp. 2d 1174, 1178 (D. Or. 2006).)

OPINION AND ORDER                              7

the OTCA, and the OTCA's two-year statute of limitations contained in ORS 30.275(9). The *Bell* opinion focused on and extensively discussed whether ORS 30.075(1) constituted a statute of limitation or instead a tolling provision for the commencing a wrongful death lawsuit. The supreme court found ORS 30.075(1) to be a statute of limitation; thus construed, the supreme court explicitly stated that it was "superseded by the two-year limitation period for the commencement of a tort action against a public body under ORS 30.275(9)." *Bell*, 353 Or. at 548. Thus, *Bell* leaves no uncertainty that the OTCA's two-year statute of limitation supersedes other limitation periods, including more specifically applicable periods, when a public body is a defendant. This court's contrary conclusion in its December 2011 Opinion that ORS 12.100(1)'s three-year statute of limitation governed Coultas's conversion claim against Yamhill County Sheriff was error; the OTCA's two-year statute of limitation controls.

Accordingly, Yamhill County Sheriff's motion for reconsideration is granted. Upon reconsideration, the court finds that Coultas's claim for unlawful deprivation of property is time-barred because it was not brought within the two-year statute of limitations for lawsuits against a public body set forth in ORS 30.275(9). Because it is time-barred under the OTCA, Coultas's remaining claim is DISMISSED with PREJUDICE.

*Conclusion*

For the reasons stated above, Defendant's motion (ECF No. 159) is GRANTED.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

OPINION AND ORDER                 8

Coultas's remaining claim (ECF No. 9) is DISMISSED with PREJUDICE.

IT IS SO ORDERED.

DATED this 5th day of August, 2016.

_____

JOHN V. ACOSTA
United States Magistrate Judge

OPINION AND ORDER                    9